19-3158-cr
*United States v. Sanders*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
          ROSEMARY S. POOLER,
          JOSEPH F. BIANCO,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                                19-3158-cr

        v.

SCOTT SANDERS AKA SEALED DEFENDANT 1,

          *Defendant-Appellant.*

---

**FOR APPELLEE:**                                    MATTHEW D. PODOLSKY,
                                                     (Won S. Shin, *on the brief*),
                                                     Assistant United States
                                                     Attorneys, *for* Audrey Strauss,

United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**   DAVID S. HARRIS, Law Office of David S. Harris, Miami, FL.

Appeal from three Orders dated September 3, 2019 and an Order dated October 24, 2019 of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 24, 2019 Order of the District Court be, and hereby is, **VACATED** and **REMANDED**, and that the appeal as to the September 3, 2019 Orders is **DISMISSED**.

Defendant-Appellant Scott Sanders appeals from (1) an Order dated September 3, 2019 denying his motion to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14; (2) an Order dated September 3, 2019 denying his motion in the alternative to stay the proceedings; (3) an Order dated September 3, 2019 directing the Government to file a reply to Sanders's opposition to the Government's motion for a preliminary order of forfeiture as to substitute assets; and (4) a Corrected Preliminary Order of forfeiture as to substitute assets dated October 24, 2019. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

### Procedural history

Sanders was convicted of conspiracy to commit wire and mail fraud, mail fraud, and aggravated identity theft. In February 2014 Sanders entered into a post-trial sentencing agreement with the Government, consenting to pay a certain amount in forfeiture and restitution. The District Court sentenced Sanders principally to 121 months of imprisonment and ordered him to forfeit $4,878,592.30 and to make restitution in the same amount.

In October 2018, with $1,779,030.61 outstanding, the Government moved for a preliminary order of forfeiture as to substitute assets, seeking forfeiture of two real properties in Woodside and Staten Island as well as a Roth retirement account, an Investment Center retirement account, a 1957 Chevrolet Corvette, and a 2009 Vespa motorbike. Sanders opposed, and moved for leave to file a third-party complaint under Federal Rule of Civil Procedure 14 or to stay the forfeiture proceedings,

---

[1] In July 2020, this Court granted in part the Government's motion to dismiss the appeal for lack of "jurisdiction over the appeal as to the 2018 Substitute Asset Order and the 2014 orders and judgment," and stated that the "appeal is limited to the orders designated in [Sanders's] notices of appeal." ROA 90.

which the District Court denied in an Order dated September 3, 2019. The District Court also ordered the Government to file a reply to Sanders's opposition.[2] After the Government filed the motion for forfeiture as to substitute assets, it learned that the Staten Island property identified therein had been sold. The Government thus amended its motion to seek one-half of the sale proceeds as substitute assets. The District Court granted the Government's motion and entered a Corrected Preliminary Order of Forfeiture as to substitute assets on October 24, 2019, which Sanders appealed.[3]

## Discussion

We begin with the October 24, 2019 Order of the District Court.[4] On appeal Sanders argues that the October 24, 2019 Order is invalid because, *inter alia*, the value of the substitute assets exceeds the outstanding amount of his forfeiture. On October 18, 2019, the Government noted that it had recently learned that, in August 2019, Sanders had sold the Woodside property for $3.3 million—the first indication of the value of any of the proposed substitute assets. The Government acknowledges that the money received from the sale of the Woodside property exceeds the amount outstanding of Sanders's forfeiture. Due to this sale, the Government consents to a limited remand to amend the October 24, 2019 Order to require the provision of any excess value to Sanders from the ultimate forfeiture to the United States.[5]

The Government may seek forfeiture of substitute property to satisfy a judgment "up to the value" of the forfeitable proceeds.[6] Below the Government offered no indication of the value of the proposed substitute assets, which appear to greatly exceed the value of the forfeitable proceeds. Accordingly, we vacate the October 24, 2019 Order and remand for the District Court to consider whether any excess value from the forfeiture of the proceeds of the sale of the Woodside property ought to be returned to Sanders and whether the Government is entitled to forfeiture of the remaining substitute assets inasmuch as the proceeds of the sale of the Woodside property may satisfy the outstanding portion of the forfeiture.[7]

---

[2] Sanders filed a notice of appeal as to the three September 3, 2019 Orders.

[3] The October 24, 2019 Order also corrected a typographical error in the District Court's Preliminary Order of Forfeiture as to substitute assets.

[4] Ordinarily, we review the legal basis of a forfeiture *de novo* and we review the factual basis for clear error. *See United States v. Castello*, 611 F.3d 116, 119 (2d Cir. 2010).

[5] Appellee Br. at 15.

[6] 21 U.S.C. § 853(p)(2).

[7] *See* 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."); *see also United States v. Alamoudi*, 452 F.3d 310, 315 n.3 (4th Cir. 2006) (approving of substitute assets order with a provision

3

As to the three Orders dated September 3, 2019, as a general matter we do not have jurisdiction over appeals from non-final orders.[8] Yet Sanders does not offer any explanation as to how our appellate jurisdiction over these orders might be conferred. And insofar as Sanders endeavors to use his appeal of these particular orders as a vehicle to relitigate other earlier orders or the judgment of the District Court, we decline to consider such efforts. Accordingly, we dismiss Sanders's appeal as to the September 3, 2019 Orders.

## CONCLUSION

We have reviewed all of the arguments raised by Sanders on appeal and find them to be without merit. The October 24, 2019 Order of the District Court is **VACATED** and the cause is **REMANDED** for the District Court to consider whether a provision requiring any excess value from the proceeds of the sale of the Woodside property to be returned to Sanders should be included in a new preliminary order of forfeiture and whether the forfeiture of the additional properties is justified. Sanders's appeal as to the September 3, 2019 Orders is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

requiring "if the value of the seized substitute assets exceeds this amount [of forfeiture in the original consent order], the Government shall remit such excess to the defendant" (internal quotation marks omitted)).

[8] *See Whiting v. Lacara*, 187 F.3d 317, 319 (2d Cir. 1999); 28 U.S.C. §§ 1291, 1292.